Bernard M. Resser (SBN 092873)
    BResser@BartonEsq.com
Georgiana P. Young (SBN 198848)
    GYoung@bartonesq.com
**BARTON LLP**
100 Wilshire Boulevard, Suite 1300
Santa Monica, CA 90401
Telephone:  212.687.6262
Fax:  212.687.3667

Attorneys for Defendants CORDIS US CORP., SCOTT
DRAKE and DUKE ROHLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CALLEJO OBISPO, individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiff,<br><br>    v.<br><br>CORDIS US CORP., a Delaware corporation; SCOTT DRAKE, an individual; DUKE ROHLEN, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453**<br><br>**(CLASS ACTION FAIRNESS ACT - DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE that** Defendants, Corids US Corp, Scott Drake and Duke

Rohlen, by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446,

and 1453, remove Case No. 24CV429603 from the Superior Court of the State of California,

County of Santa Clara, (the "State Court Action") to this Court.  In support of this Notice of

Removal, Defendants state the following:

#### I.        SUMMARY

1.  Defendants have removed the State Court Action to this Court pursuant to the Class

1

Action Fairness Act of 2005 ("CAFA") because (i) the State Court Action is a class action, (ii) Plaintiff's putative class exceeds 100 members, (iii) Plaintiff or at least one other member of the putative class is a citizen of a different state than any of the Defendants, and (iv) the amount in controversy exceeds $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

## II.    PROCEDURAL HISTORY

2. On January 22, 2024, Plaintiff commenced the State Court Action by filing an unverified Class Action Complaint (the "Complaint") against Defendants and unidentified DOES 1 through 100 in the Superior Court of the State of California, County of Santa Clara.[1]

3. The Complaint asserts the following eight causes of action against Defendants[2]:

    a.  Violation of California Labor Code §§ 510, 1194 and 1199 (Unpaid Overtime);

    b.  Violation of California Labor Code §§ 1197 and 1199 (Unpaid Minimum Wages);

    c.  Violation of California Labor Code §§512 and 226 (Failure to Provide Meal Periods);

    d.  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);

    e.  Violation of California Labor Code §§ 201, 202 and 203 (Final Wages Not Timely Paid);

    f.  Violation of California Labor Code § 226 (Non-Compliant Wage Statements);

    g.  Violation of California Labor Code §204 (Failure to Timely Pay Wages During Employment);

    h.  Violation of California Labor Code § 2802 (Unreimbursed Business Expenses); and

    i.  Violation of California Labor Code §227.3 (Failure to Pay Vested Vacation at Termination)

---

[1] Defendants have attached a copy of Plaintiff's Complaint as Doc. #1-1.

[2] Defendants incorporate Plaintiff's allegations in the Complaint into this Notice of Removal by reference without admitting the truth of any of them.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 (CLASS ACTION FAIRNESS - DIVERSITY)

j.   Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Competition)

4. On January 30, 2024, Plaintiff served Defendant, Cordis US Corp ("Cordis") with the Complaint via its agent for service of process.

5. Defendants have attached a copy of the Complaint that was served as Doc. #1-1. A copy of all other process, pleadings and orders served upon any of Defendants by Plaintiff in connection with the State Court Action is attached as a collective exhibit at Doc. #1-2.

### III.    VENUE

6. The Northern District of California is the proper venue for this removal because Plaintiff filed and has maintained the State Court Action against Defendants in the Superior Court of the State of California, Santa Clara County. *See* 28 U.S.C. §§ 84(b), 1441(a), 1446(a).

### IV.    TIMELINESS OF REMOVAL

7. This Notice of Removal has been timely filed within 30 days of Plaintiff's service of the Complaint upon Defendant, Cordis US Corp., on January 30, 2024. 28 U.S.C. § 1446(b)(2)(B); Fed. R. Civ. Pro. 6(a)(1).

### V.    CAFA ELIGIBILITY

8. The State Court Action is eligible for removal to this Court under CAFA.

#### A.  The State Court Action is a Class Action

9. Plaintiff filed the Complaint against Defendants as a class action. *See, e.g.,* Complaint at ¶1.

#### B.  There is Sufficient Diversity Among the Parties

10. There is sufficient diversity among the parties to qualify for removal under CAFA.

11. Plaintiff is a resident and, upon information and belief, citizen of California. (Complaint at ¶2).

12. Plaintiff has defined her putative class to include only individuals employed by Defendants within California since January 22, 2020, the majority of whom are presumably residents and citizens of California too. (Id. at ¶13).

13. Defendant Cordis is a Delaware entity, principally headquartered in Florida. The

individual defendant, Drake, is a resident of Colorado, and the individual defendant, Rohlen, is a resident of California.

### C.  The Putative Class Exceeds 100 Members

14. During the 4-year timeframe addressed in Plaintiff's Complaint, Defendant Cordis or its predecessor employed more than 200 employees who fall within the definition of Plaintiff's putative class.

### D.  The Total Amount in Controversy Exceeds $5,000,000

15. The total amount in controversy in the State Court Action, excluding interest and costs, exceeds $5,000,000.

16. The Complaint broadly accuses all Defendants of engaging in a pattern and practice of committing 10 enumerated violations of California law, throughout a 4-year period, against all of their non-exempt employees.

17. The Complaint does not plead any causes of action with specificity, e.g., by explaining how frequently the violations occurred, when they occurred, or to whom they occurred, so Defendants presume that Plaintiff is accusing them of systemic violations against all or nearly all the putative class.

18. Plaintiff's generic pleading causes the amount in controversy in the State Court Action to be very high.

19. While Defendants do not concede any of the violations alleged in the State Court Action, the $5,000,000 minimum amount in controversy under CAFA is easily met by conservative violation assumptions:

    a.  If each member of the putative class did not receive on a weekly basis one (1) hour of overtime pay, one (1) hour of minimum wage pay, one (1) meal period or corresponding premium pay, and two (2) rest periods or corresponding premium pay, the total amount in controversy for those violations would exceed $4.5 million.

    b.  If each member of the putative class whose employment with Defendant Cordis terminated is entitled to waiting time penalties, the total amount in controversy for

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 (CLASS ACTION FAIRNESS - DIVERSITY)

those waiting time penalties would exceed $500,000.

    c.  The benchmark for class action attorneys' fees in the Ninth Circuit is 25%. *Serrieh v. Jill Acquisition LLC,* 2023 WL 8796717 at *7 (E.D. Cal. Dec. 19, 2023). Applying that standard, the total amount in controversy for attorneys' fees in this case would exceed $1 million.

### VI.    NOTICE TO PLAINTIFF & STATE COURT

20. Pursuant to 28 U.S.C. §1446(d), Defendants will provide written notice of this Notice of Removal to Plaintiff and file a copy of it with the Superior Court of the State of California, County of Santa Clara.

Dated: February 29, 2024

RESPECTFULLY SUBMITTED,

BARTON LLP

By: */s/ Bernard M. Resser*_____
    Bernard M. Resser
Attorneys for Defendants CORDIS US CORP.,
SCOTT DRAKE and DUKE ROHLEN