**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Vedang J. Patel (SBN 328647)
*vedang@tomorrowlaw.com*
Megan R. Lazar (SBN 315007)
*megan@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MARGIE CALLEJO OBISPO,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARGIE CALLEJO OBISPO, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORDIS US CORP, a Delaware corporation; SCOTT DRAKE, an individual; DUKE ROHLEN, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:24-cv-01248-NC<br><br>Assigned to: Honorable Nathanael M. Cousins<br><br>**DECLARATION OF MEGAN R. LAZAR IN SUPPORT OF STIPULATION TO DISMISS PLAINTIFF'S CLASS ACTION CLAIMS WITHOUT PREJUDICE**<br><br>[Proposed] **Order Lodged Herewith**<br><br>ACTION FILED: January 22, 2024 |

DECLARATION OF MEGAN R. LAZAR

## DECLARATION OF MEGAN R. LAZAR

I, Megan R. Lazar, declare as follows:

1. I am an attorney at law, duly licensed to practice before all the Courts of the State of California, an attorney at Bibiyan Law Group, P.C., and co-counsel of record for plaintiff Margie Callejo Obispo ("Plaintiff"). As such, I am familiar with the file in this matter and if called as a witness I could and would competently testify to the following facts of my own personal knowledge.

2. I make this declaration in support of the Stipulation to Dismiss Plaintiff's Class Action Claims Without Prejudice.

3. On January 22, 2024, Plaintiff commenced the Action by filing a Complaint alleging causes of actions against Defendant for: failure to pay overtime; failure to pay minimum wages; failure to provide meal breaks, or compensation in lieu thereof; failure to provide rest breaks, or compensation in lieu thereof; waiting time penalties; wage statement violations; failure to indemnify; violations of Labor Code section 227.3; and unfair competition (the "Class Action").

4. On January 22, 2024, Plaintiff filed with the Labor and Workforce Development Agency ("LWDA") and served on Defendant, a notice under Labor Code section 2699.3 stating Plaintiff intended to serve as a proxy of the LWDA to recover civil penalties on behalf of other non-exempt, hourly-paid employees for alleged Labor Code violations ("PAGA Notice").

5. On March 1, 2024, Defendant removed the Class Action to United States District Court, Northern District of California, Case No. 3:24-cv-01248 ("Federal Class Action").

6. On April 8, 2024, after sixty-five (65) days had passed without any action by the LWDA with respect to the Labor Code violations alleged in the PAGA Notice, Plaintiff filed a separate representative action under PAGA against Defendant in the Superior Court of California, County of Santa Clara, Case No. 24CV434697, seeking civil penalties for the Labor Code violations set out in the PAGA Notice (the "PAGA Action").

7. On August 6, 2024, the Parties participated in an all-day mediation presided over by Katherine Edwards. The mediation was successful, and the Parties agreed to globally resolve all class and PAGA claims in the Action. As part of the agreement, the Parties have agreed to file

DECLARATION OF MEGAN R. LAZAR

a First Amended Complaint in the PAGA Action, and thereafter dismiss the Federal Class Action, effectively consolidating the Class Action and PAGA Action.

8. On July 3, 2025, Plaintiff submitted a Motion for Preliminary Approval of the Class and Representative Action Settlement ("Motion") for filing with the Court in the PAGA Action.

9. On July 8, 2025, Plaintiff filed a First Amended Complaint in the PAGA Action, adding the allegations from the Class Action into the PAGA Action.

10. Therefore, because the interests of the class members are already represented in the PAGA Action, and a settlement has also been reached regarding the claims currently before this Court, the Parties jointly request that the Court dismiss Plaintiff's class claims in this action without prejudice.

11. Based on the foregoing, the Parties hereby request that this Court dismiss Plaintiff's Class Action claims against Defendant, and the entire action, without prejudice.

12. The Parties further agree that should the settlement not be approved, Plaintiff shall be permitted to separately refile the Class Action without prejudice, and the filing shall relate back to the original filing date of the Class Action.

13. Plaintiff has yet to move for class certification. No putative class members have been provided written notice of the Plaintiff's claims against Defendant, or of this lawsuit. Plaintiff is unaware of any putative class members who refrained from bringing similar class action allegations in reliance on the existence of this action. Additionally, there is no prejudice to the putative class members because the class allegations are being dismissed without prejudice. Plaintiff has not been paid any consideration for the dismissal of the class claims without prejudice.

Executed on July 10, 2025 at Los Angeles, California.

*/s/ Megan R. Lazar*
MEGAN R. LAZAR